UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

ANDREY BINKIS )
1041 Enfield Dr. )
Northbrook, IL 60062 )
CIS File No. A78 856 432 )
 )
    Plaintiff, )
 ) 08CV708
v. ) JUDGE KENNELLY
 ) MAGISTRATE JUDGE ASHMAN
ROBERT BLACKWOOD, Director )
Chicago Field Office )
U.S. Citizenship and Immigration Services )
101 West Congress Parkway )
Chicago, IL 60605 )
 )
EMILIO T. GONZALEZ, Director )
U.S. Citizenship and Immigration Services )
20 Massachusetts Avenue, N.W. )
Washington, DC 20529 )
 )
MICHAEL CHERTOFF, Secretary )
U.S. Department of Homeland Security )
425 Murray Drive, Building 410 )
Washington, DC 20528 ) FILED
 )
ROBERT S. MUELLER, Director ) FEB 0 1 2008 NF
Federal Bureau of Investigation ) 2-1-2008
J. Edgar Hoover Building ) MICHAEL W. DOBBINS
935 Pennsylvania Avenue, N.W. ) CLERK, U.S. DISTRICT COURT
Washington, DC 20535 )
 )
    Defendants. )

## VERIFIED COMPLAINT FOR MANDAMUS AND DECLARATORY JUDGMENT

The Plaintiff, ANDREY BINKIS, by counsel, complains of the Defendants, EMILIO T.

GONZALEZ, Director, U.S. Citizenship and Immigration Services; MICHAEL CHERTOFF,

Secretary, U.S. Department of Homeland Security; ROBERT S. MUELLER, Director, Federal

Bureau of Investigation; and ROBERT BLACKWOOD, Director, Chicago Field Office, U.S. Citizenship and Immigration Services, as follows:

## I. PREFATORY STATEMENT

1. This is a mandamus action to compel the Defendants and those acting under them to take all appropriate action to adjudicate the Plaintiff's Application to Adjust Status to Lawful Permanent Resident (Form I-485) without further delay.

2. The Plaintiff properly filed his adjustment of status application with the Defendant U.S. Citizenship and Immigration Services ("CIS") on November 30, 2001. On November 24, 2003, CIS sent the Plaintiff notice of an interview on his application at the CIS Chicago Field Office, which he attended as directed on January 13, 2004. The application remains within the jurisdiction of the Defendants, who have improperly withheld action on the application for an unreasonable period of time to the detriment of the Plaintiff.

## II. JURISDICTION

3. This is a civil action brought pursuant to 28 U.S.C. §1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff"). *See Khelashvili v. Corochoff*, 2007 WL 4293634 (N.D. Ill. 2007) ("Without mandamus relief, USCIS could choose to fail to process applications indefinitely, leaving applicants in 'a state of limbo' and without recourse."); *see also Razik v. Perryman*, 2003 WL 21878726 (N.D. Ill. 2003) (holding that aliens have "a right to have an application for adjustment of status adjudicated"); *Paunescu v. INS*, 76 F. Supp. 2d 896 (N.D. Ill. 1999) (holding that aliens have a right to have their applications adjudicated).

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053  Fax: 202-483-6801

2

Jurisdiction is further conferred by 8 U.S.C. §1329 (jurisdiction of the district courts) and 28 U.S.C. §1331 (federal subject matter jurisdiction).

4. Jurisdiction is also conferred pursuant to 5 U.S.C. §555(b) and §702 (the Administrative Procedure Act). The APA requires CIS to carry out its duties within a reasonable time. 5 U.S.C. §555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." (Emphasis added). The APA also authorizes a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706. CIS is subject to 5 U.S.C. §§555(b) and 706. *See Khelashvili*, 2007 WL 4293634 ("While federal courts may not review a decision by the USCIS to approve or deny an application, the obligation to process those applications is not discretionary and must be done within a reasonable time."); *see also Razik*, 2003 WL 21878726 (holding that the Attorney General has a duty "to adjudicate cases within a reasonable time"); *Paunescu*, 76 F. Supp. 2d 896 (holding that aliens have a right to adjudication of their applications within a reasonable time).

5. Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. §1252, does not deprive this Court of jurisdiction. INA §242(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As the present action is not an action to review a removal order, but simply an action to compel CIS to adjudicate an unreasonably delayed application, this Court retains original mandamus jurisdiction under 28 U.S.C. §1361.

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053  Fax: 202-483-6801

3

6. Both the regulations and the INA provide numerous examples of duties owed by CIS in the adjustment of status process. 8 U.S.C. §1103 provides that "[t]he Secretary of Homeland Security *shall* be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis added). The Code of Federal Regulations provides that "[e]ach applicant for adjustment of status . . . *shall* be interviewed by an immigration officer." 8 C.F.R. §245.6 (emphasis added). The regulations further provide that "the applicant *shall* be notified of the decision of the director and, if the application is denied, the reasons for the denial." 8 C.F.R. §245.2(a)(5)(i) (emphasis added). The language of the statute and the above-cited regulations is mandatory, not discretionary, and the Defendants have a clear duty to adjudicate the application for adjustment of status pending before them. *See Iddir v. INS,* 301 F.3d 492, 500 (7th Cir. 2002); *see also Khelashvili,* 2007 WL 4293634 ("[T]he duty to process applications and the timeliness of the process is not discretionary."); *Razik,* 2003 WL 21878726 (holding that the adjudication of applications for adjustment of status "involves no such discretionary decision by the Attorney General," but rather, the USCIS has a "mandatory duty to adjudicate [these] applications..."); *Paunescu,* 76 F. Supp. 2d 896 ("[D]efendants simply failed to do anything at all. This was not a 'decision,' let alone a discretionary call. Plaintiffs do not ask this court to 'review' a governmental action, but to examine and rectify a gross inaction.").

7. Section 242(a)(2)(B) of the INA, 8 U.S.C. §1252(a)(2)(B), as amended by section 106 of the Emergency Supplemental Appropriations Act for Defense, the Global War of Terror, and Tsunami Relief, Pub. L. 109-13 (May 11, 2005) ("REAL ID Act"), eliminated the

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053  Fax: 202-483-6801

4

authority of the federal courts to review decisions by the government to grant or deny discretionary relief. Specifically, INA §242(a)(2)(B)(ii) provides that "no court shall have jurisdiction to review ... (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security ...." 8 U.S.C. §1252(a)(2)(B)(ii).[1] Section 1252(a)(2)(B)(ii) does not strip federal courts of jurisdiction where – as in this case – the government has a nondiscretionary duty to act on the Plaintiff's application for adjustment of status and has unreasonably failed to so act. *See, e.g., Paunescu*, 76 F. Supp. 2d at 900 (asserting that 8 U.S.C. §1252(a)(2)(B) did not bar jurisdiction since the application for adjustment of status had not yet been adjudicated, and holding that the court had jurisdiction to review INS inaction under the Administrative Procedure Act and the Mandamus Act). The Government has discretionary authority to either grant or deny the Plaintiff's adjustment of status application. *See, e.g., Afsharzadehyadzi v. Perryman*, 214 F. Supp. 2d 884 (N.D. Ill. 2002) (holding that the court did not have jurisdiction to review a denial of adjustment of status, and distinguishing *Paunescu*, 76 F. Supp. 2d 896, where the application for adjustment of status had not yet been adjudicated and the court held that it had jurisdiction to review the inaction of the INS). However, the Government's discretion does not include authority to refuse or unreasonably delay its adjudication of a properly filed application. *See, e.g., Khelashvili*, 2007 WL 4293634 ("While federal courts may not review a decision by the USCIS to approve or deny an application, the

---

[1] "[T]his subchapter" refers to Subchapter II of Chapter 12 of Title 8 of the U.S. Code, which includes INA §245, 8 U.S.C. §1255.

Thomas K. Ragland  
MAGGIO & KATTAR  
11 Dupont Circle, NW Suite 775  
Washington, DC 20036  
Phone: 202-483-0053  Fax: 202-483-6801

5

obligation to process those applications is not discretionary and must be done within a reasonable time."); *Razik*, 2003 WL 21878726 (holding that the Attorney General has a duty "to adjudicate cases within a reasonable time"); *Paunescu*, 76 F. Supp. 2d 896 (holding that aliens have a right to adjudication of their applications within a reasonable time).

8. As set forth below, the delay in processing the Plaintiff's properly filed application for adjustment of status is unreasonable.

### III. VENUE

9. Venue is proper under 28 U.S.C. §1391(e), because this is an action against officers and agencies of the United States in their official capacities, brought in the district where a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred. The Plaintiff, Andrey Binkis, is a resident in this district. The Defendant Robert Blackwood is sued in his official capacity as Director of the Chicago Field Office of CIS, a United States federal agency and resident in the district. The Defendant Emilio T. Gonzalez is sued in his official capacity as Director of CIS, a United States federal agency. The Defendant Michael Chertoff is sued in his official capacity as Secretary of the U.S. Department of Homeland Security ("DHS"), a United States federal agency. The Defendant Robert S. Mueller is sued in his official capacity as Director of the Federal Bureau of Investigation ("FBI"), a United States federal agency. Because the Plaintiff's application for adjustment of status was to be adjudicated at the CIS Chicago Field Office, which is a federal agency in this district, venue is proper in this Court.

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053  Fax: 202-483-6801

6

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. No exhaustion requirements apply to the Plaintiff's complaint for a Writ of Mandamus. The Plaintiff is owed a duty—the adjudication of his application to adjust status, which has been duly filed with CIS. CIS has failed to adjudicate this application. The Plaintiff has no other adequate remedy available for the harm he seeks to redress—the failure of CIS to process his application to adjust status in a timely manner.

### V. PARTIES

11. The Plaintiff, ANDREY BINKIS, resides in Northbrook, Illinois. He was born in Russia on May 1, 1952 and he is a citizen of Russia. His alien registration number is A78 856 432.

12. The Defendants, EMILIO T. GONZALEZ, Director, CIS; MICHAEL CHERTOFF, Secretary, DHS; ROBERT S. MUELLER, Director, FBI; and ROBERT BLACKWOOD, Director, Chicago Field Office, CIS, are charged by law with the statutory and regulatory obligation to perform background security checks and determine eligibility for adjustment of status to lawful permanent resident, pursuant to 8 U.S.C. §1103 and §1255, and 8 C.F.R. §245.2(5)(i) and §245.6. CIS received the Plaintiff's application for adjustment of status on November 30, 2001. The Plaintiff was interviewed by CIS in connection with his application on January 13, 2004. The Plaintiff has submitted his fingerprints to CIS as directed, most recently on October 26, 2007. CIS is the agency of DHS responsible for adjudicating adjustment of status applications under the INA and has the sole authority to do so, pursuant to 8 C.F.R. §245.2(a)(1) (requiring any alien who believes he meets the eligibility requirements of Section 245 of the Act to apply to the

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053   Fax: 202-483-6801

7

director having jurisdiction over his place of residence). The FBI is the agency responsible for completing security checks, including name and fingerprint checks, for applicants for immigration benefits including adjustment of status.

## VI.   FACTS

13. The Plaintiff, Andrey Binkis, was born in Russia in 1952. He came to the United States in July 1997 on a nonimmigrant visitor's visa and extended that visa through May 4, 1999. The Plaintiff has never engaged in any illicit or criminal activities. He has been steadily employed in this country and has paid his taxes.

14. The Plaintiff married his U.S. citizen wife, Gina Cordin, on October 15, 2001. His U.S. citizen wife filed with the CIS Nebraska Service Center a Petition for an Alien Relative (Form I-130) along with the Plaintiff's Application for Adjustment of Status (Form I-485) on November 30, 2001, more than six years ago. The Plaintiff's application was based on his marriage to a U.S. citizen and immediately available visa number. CIS issued a receipt notice for the Plaintiff's Application dated December 3, 2001. As directed, the Plaintiff submitted his fingerprints to CIS on March 26, 2002. On November 24, 2003, CIS sent the Plaintiff notice of an adjustment of status interview, which he attended as directed on January 13, 2004. CIS also issued a request for additional information on January 12, 2004. The Plaintiff promptly responded to the request in February 2004 and provided all requested information.

15. In September 2004, Congressman Mark Steven Kirk submitted an inquiry to CIS regarding the status of the Plaintiff's long-standing case. CIS replied to Congressman Kirk on September 28, 2004, stating, "Service records indicate that the applicant's case is

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053  Fax: 202-483-6801

8

under review by a District Adjudications Officer. The applicant will be notified by mail when a final decision has been rendered on their [sic] case. Please assure the applicant that every effort is being made to adjudicate their [sic] case in as timely a manner as possible."

16. As directed, in March 2006, the Plaintiff again submitted his fingerprints to CIS. On October 25, 2007, the immigrant visa petition filed on behalf of the Plaintiff by his U.S. citizen spouse on November 30, 2001 was approved. However, the approval notice indicated that his adjustment of status application remained pending. On October 26, 2007, CIS again directed the Plaintiff to appear for fingerprinting. Accordingly, the Plaintiff submitted his fingerprints on November 23, 2007.

17. On November 1, 2007, the Plaintiff's attorneys submitted another status inquiry to CIS. CIS responded on December 18, 2007, stating, "Our information shows that the background investigation conducted by the Federal Bureau of Investigations (FBI) for you has not yet been completed. . . . It is uncertain the time-period it takes for the results to be electronically submitted to USCIS and updated in our national records." CIS continued, "We understand that you are frustrated by the progress of your application. . . . While we strive to process applications timely and fairly, we must also ensure that our policies and procedures will safeguard the public. . . . Please be assured that every effort is being made to render a final decision in a timely manner. We appreciate your patience and understanding." On December 10, 2007, the Plaintiff's attorneys submitted to CIS a notice of intent to file a complaint for writ of mandamus in United States District Court

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053  Fax: 202-483-6801

9

absent a response within thirty days from CIS regarding the Plaintiff's case. No response was received.

18. The Plaintiff is eager to obtain permanent resident status and the lengthy delay by the Defendants in adjudicating his application is of great concern to him. The Plaintiff's ability to pursue opportunities for professional advancement has been negatively affected by the Defendant's failure to adjudicate his application within a reasonable period of time. The delay in adjudication has also interfered with the Plaintiff's travel needs.

19. The Defendant CIS has unreasonably failed to issue a final decision on the Plaintiff's application for adjustment of status. As over six years have elapsed since the Plaintiff filed his adjustment of status application on November 30, 2001, the Plaintiff requests that this Court compel CIS to adjudicate his application for adjustment of status without further delay.

## VII. CAUSE OF ACTION

20. The Plaintiff is entitled to adjust his status pursuant to 8 U.S.C. §1255(a).

21. The Defendants have sufficient information to determine the Plaintiff's eligibility for adjustment of status pursuant to applicable requirements. Notwithstanding, the Defendant CIS has unreasonably delayed and refused to adjudicate the Plaintiff's application to adjust status for over six years, thereby depriving the Plaintiff of his right to a decision on his immigration status and the peace of mind to which he and his U.S. citizen wife are entitled.

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053  Fax: 202-483-6801

10

22. The Plaintiff's life is in limbo pending the determination on his application to adjust status. CIS's delay in adjudicating the Plaintiff's application to adjust status has greatly restricted him.

23. The Plaintiff's career has been damaged by CIS's undue delay in adjudicating his adjustment of status application, because he has been forced to repeatedly apply (and pay) for employment authorization, all to the further detriment of the Plaintiff. *See* 8 C.F.R. §274a.12(c)(9). Although the Plaintiff is qualified, he has been unable to advance his career and secure other employment opportunities because his lack of lawful permanent resident status makes him less appealing to prospective employers. The Plaintiff's inability to find an alternative job has restricted him both financially and professionally.

24. The delay in adjudication by CIS has also caused the Plaintiff serious interference with his travel needs, as he is required to apply for and obtain advance parole from CIS before traveling abroad while his immigration status remains pending.

25. The Plaintiff is eager to eventually apply for U.S. citizenship in order to actively participate in the U.S. electoral system, so he can vote and otherwise contribute to the nation's government and civic affairs. However, his road to become a naturalized citizen has been inordinately prolonged, as he cannot apply for citizenship until five years after he obtains permanent residence.

26. In addition, he has suffered a severe emotional burden as a consequence of these delays. The Defendants' inaction in the Plaintiff's case has caused inordinate and unfair amounts

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053  Fax: 202-483-6801

11

of stress, expense, and hassle for the Plaintiff, who is entitled to adjust his status without further unreasonable delay.

## VIII. CLAIMS

27. The Defendant CIS has willfully and unreasonably failed to adjudicate the Plaintiff's application for adjustment of status for over six years, thereby depriving the Plaintiff of his rights under 8 U.S.C. §1255(a). Pursuant to 5 U.S.C. §555(b) and §702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added). *See Khelashvili*, 2007 WL 4293634 ("While federal courts may not review a decision by the USCIS to approve or deny an application, the obligation to process those applications is not discretionary and must be done within a reasonable time."); *see also Razik*, 2003 WL 21878726 (holding that the Attorney General has a duty "to adjudicate cases within a reasonable time"); *Paunescu*, 76 F. Supp. 2d 896 (holding that aliens have a right to adjudication of their applications within a reasonable time).

28. The Defendant CIS owes the Plaintiff a duty to adjudicate his adjustment of status application, and has unreasonably failed to perform that duty. *See Khelashvili*, 2007 WL 4293634 ("Without mandamus relief, USCIS could choose to fail to process applications indefinitely, leaving applicants in 'a state of limbo' and without recourse."); *see also Razik*, 2003 WL 21878726 (holding that aliens have "a right to have an application for adjustment of status adjudicated"); *Paunescu*, 76 F. Supp. 2d 896 (holding that aliens have a right to have their applications adjudicated).

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053  Fax: 202-483-6801

12

29. This Court should grant the Plaintiff's writ of mandamus because the Plaintiff has no alternative means to obtain adjudication of his application for adjustment of status and his right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon Inc.*, 449 U.S. 33, 35 (1980).

30. Both the regulations and the INA provide numerous examples of duties owed by CIS in the adjustment of status process. 8 U.S.C. §1103 provides that "[t]he Secretary of Homeland Security *shall* be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis added). The Code of Federal Regulations provides that "[e]ach applicant for adjustment of status . . . *shall* be interviewed by an immigration officer." 8 C.F.R. §245.6 (emphasis added). The regulations further provide that "the applicant *shall* be notified of the decision of the director and, if the application is denied, the reasons for the denial." 8 C.F.R. §245.2(a)(5)(i) (emphasis added). The language of the statute and the above-cited regulations is mandatory, not discretionary, and the Defendants have a clear duty to adjudicate the application for adjustment of status pending before them. *See Iddir*, 301 F.3d at 500; *see also Khelashvili*, 2007 WL 4293634 ("[T]he duty to process applications and the timeliness of the process is not discretionary."); *Razik*, 2003 WL 21878726 (holding that the adjudication of applications for adjustment of status "involves no such discretionary decision by the Attorney General," but rather, the USCIS has a "mandatory duty to adjudicate [these] applications..."); *Paunescu*, 76 F. Supp. 2d 896 ("[D]efendants simply failed to do anything at all. This was not a 'decision,' let alone a discretionary

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053  Fax: 202-483-6801

13

call. Plaintiffs do not ask this court to 'review' a governmental action, but to examine and rectify a gross inaction.").

31. The Plaintiff is entitled to action on his pending adjustment of status application, because an unreasonable amount of time has passed since his application was filed on November 30, 2001, over six years ago. CIS has, to date, failed to make a determination on this application.

WHEREFORE, the Plaintiff prays that the Court:

1. Compel the Defendants and those acting under them to take all appropriate action to perform their duty to adjudicate the Plaintiff's adjustment of status application without further delay;

2. Grant such other and further relief as this Court deems proper under the circumstances; and

3. Grant attorney's fees and costs of Court to the Plaintiff under the Equal Access to Justice Act.

Respectfully submitted this 22nd day of January 2008,

ANDREY BINKIS

*By counsel,*

Thomas K. Ragland

MAGGIO & KATTAR
11 Dupont Circle, NW, Suite 775
Washington, DC 20036
Phone: (202) 483-0053
Fax: (202) 483-6801

*Counsel for Plaintiff*

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053  Fax: 202-483-6801

14

## VERIFICATION

I, Andrey Binkis, under penalty of perjury, state the following:

I affirm the truth of the factual contents of the foregoing Verified Complaint for Mandamus and Declaratory Judgment, upon information and belief.

Dated: 01.27.08

Place: 1041 Enfield Dr Northbrook IL 60062

_____
Andrey Binkis